## COTTMAN TRANSMISSION SYSTEMS, INC.

v.

## Donna MELODY and Lee W. Melody.

### No. 94–CV–2038.

United States District Court, E.D. Pennsylvania.

Dec. 7, 1994.

See also, 869 F.Supp. 1180.

---

Todd P. Leff, Renee Harris Sackey, Cottman Transmission Systems, Ft. Washington, PA, for plaintiff.

Arthur L. Pressman, Maryam Mahdavi, Abraham, Pressman & Bauer, P.C., Philadelphia, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Presently before the Court is Plaintiff's motion for summary judgment on Counts I– IV of Defendants' counterclaims pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### Facts

Plaintiff, a Pennsylvania corporation, sold Defendants Melody a franchise located in California. Plaintiff filed this suit against Defendant seeking damages for alleged violations of a franchise agreement by Defendants.

Defendants counterclaimed, and Counts I– IV[1] were brought under California statutory law.[2] In an Order dated October 27, 1994, this Court decided that Pennsylvania law would govern all substantive claims pursuant to a contractual choice-of-law agreement between the parties. The Court must now consider whether summary judgment would be properly granted on Counts I–IV.

### Standard

In considering a motion for summary judgment, the court must consider whether the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact, and whether the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The court is required to determine whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In making this determination, all reasonable inferences must be drawn in favor of the nonmoving party. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. While the movant bears the initial burden of demonstrating an absence of genuine issues of material fact, the nonmovant must then establish the exis-

---

1. Count I alleges misrepresentation in violation of the California Corporations Code §§ 31201, 31300 and 31301 which per se require rescission and restitution. Count II alleges failure to register or deliver a prospectus in violation of California Corporations Code §§ 31110 and 31119 which require rescission, and §§ 31300 and 31301 which allows damages. Count III alleges false advertising in violation of the Business and Professions Code § 17500. Count IV alleges negligence per se under the California Franchise Investment Law for misrepresentation and fraud.

2. Count VII also alleged a violation of California statutory law under the Seller Assisted Marketing Plan Act (SAMPA), but it was dismissed in this Court's Order dated October 27, 1994.

tence of each element of its case. *J.F. Feeser, Inc., v. Serv–A–Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). It appearing that there are no genuine issues of material fact, this matter is ripe for judgment as a matter of law.

### Discussion

■ The parties in the instant case agreed contractually to be bound by Pennsylvania law. In our Order of October 27, 1994, we upheld the validity of the agreement and found that application of Pennsylvania law would not cause any "substantial erosion of the quality of protection" afforded under a "fundamental [California] policy." As this court has found the choice-of-law provision valid and enforceable, summary judgment will be GRANTED as to Counts I–IV.

■ Count I of Defendants' counterclaims alleges misrepresentation in violation of California Corporations Code §§ 31201, 31300 and 31301. Count III alleges misrepresentation in the form of false advertising. Count IV alleges negligence per se for failure to comply with the California Franchise Investment Law (CFIL). The remedies sought are recission, restitution, and damages including attorneys' fees. California's fundamental policy of prevention of fraud in the sale of franchises will not be compromised by relief afforded under Pennsylvania common law. Therefore, Counts I, III and IV of Defendants' counterclaims are dismissed.

■ Count II seeks recission, restitution and damages including attorneys' fees for Plaintiff's failure to register or deliver a prospectus in violation of California Corpora-

tions Code §§ 31110, 31119, 31300 and 31301. Under the CFIL, to prove a failure to register or deliver a prospectus, a party must show that there were untrue or omitted material facts.[3] Essentially, this requires proof of elements of misrepresentation. As discussed above, these elements may be pleaded and proven under Defendants' Pennsylvania common law claims. Accordingly, summary judgment is GRANTED as to Count II.[4]

Because we find no "substantial erosion" of Defendants' protections under a "fundamental policy" of the CFIL if Pennsylvania law is applied, Plaintiff's motion for summary judgment is accordingly GRANTED as to Defendants' Counterclaims I–IV as a matter of law.

**3.** § 31301 of the CFIL provides:

Any person who violates Section 31201 shall be liable to any person (not knowing or having some cause to believe that such statement was false or misleading) who, while relying upon such statement shall have purchased a franchise, for damages, unless the defendant proves that the plaintiff knew the facts concerning the untruth or omission or that the defendant exercised reasonable care and did not know, (or if he had exercised reasonable care would not have known) of the untruth or omission.

**4.** Defendants' common law counterclaims are as follows. Count V alleges common law mistake or innocent misrepresentation. Defendants seek recission of their agreement to purchase Plaintiff's franchise, restitution including general and consequential damages, and attorneys' fees. Defendants seek the same relief as well as restitution of all money given by Defendants to Plaintiff in Count VI for alleged negligent misrepresentation.